

# UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHERYL EPSTEIN, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 06 C 7035 |
| v. | ) ) Judge John W. Darrah |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cheryl Epstein, filed suit in the Circuit Court of Cook County, Illinois, alleging Defendant, Target Corporation, terminated her employment in retaliation for exercising her rights under the Illinois Workers' Compensation Act ("IWCA"). Subsequently, Defendant removed Plaintiff's suit to federal court. Presently before the Court is Plaintiff's Motion for Remand.

### BACKGROUND

Plaintiff is a former employee of Defendant. On or about June 27, 2006, Plaintiff sprained her ankle while at work. Initially, she was completely off work, but she eventually returned with modified duties. During this time, Defendant paid benefits under the IWCA, including temporary total disability and medical benefits. On September 12, 2006, Defendant terminated Plaintiff's employment. At that time, she was earning an annual wage of $35,000. Plaintiff has not obtained other employment since her employment with Defendant was terminated.

Plaintiff filed a Complaint in the Circuit Court of Cook County, Illinois. In the Complaint, Plaintiff alleged Defendant terminated her employment in retaliation for exercising her rights under the IWCA. Plaintiff claims personal and pecuniary injuries, including emotional anguish, embarrassment and financial loss. She seeks compensatory and punitive damages in excess of $50,000 plus costs.

After Defendant was served with the Complaint, Defendant's counsel contacted Plaintiff's counsel to determine whether Plaintiff was seeking damages in excess of $75,000. At that time, Plaintiff's counsel was unsure as to the amount sought. He stated he would not know until he saw Defendant's evidence. During the conversation, Plaintiff would not stipulate with Defendant that damages would be under $75,000.

Following the conversation, Defendant removed the suit to federal court based on diversity jurisdiction. Subsequently, Plaintiff filed a Motion to Remand the Complaint, arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000.

## ANALYSIS

Plaintiff argues that the removed action should be remanded to state court because this Court lacks jurisdiction over the matter. Specifically, Plaintiff asserts that the amount in controversy does not exceed $75,000.

In considering a motion to remand, a court's focus is restricted to its authority to hear the case pursuant to the removal statute. 28 U.S.C. § 1441. Whether removal was proper is determined from the record as a whole. *Casey v. Hinckley & Schmitt, Inc.*, 815 F.Supp. 266, 267 (N.D. Ill. 1993) (*Casey*); *Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 409 (N.D. Ill. 1990). The party seeking to preserve the removal, not the party moving to remand, bears the

2

burden of establishing that the court has jurisdiction. *Jones v. General Tire and Rubber Co.*, 514 F.2d 660, 664 (7th Cir. 1976). If the court finds that it does not have jurisdiction, then it must remand the case to state court. *Casey*, 739 F.Supp. at 267; *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F.Supp. 449, 452 (N.D. Ill. 1991).

Removal in diversity suits depends on the amount in controversy. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). This amount must exceed $ 75,000. 28 U.S.C. § 1332. In *Meridian Security Insurance v. Sadowski*, 441 F.3d 536 (7th Cir. 2006) (*Meridian*), the court explained how the party seeking removal is to satisfy the jurisdictional amount, stating:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*Meridian*, 441 F.3d at 543 (internal citations omitted).

Defendant provides three factual allegations to support removal: there exists an inference that the amount in controversy exceeds $75,000; Plaintiff's back-pay award alone could exceed $75,000; and the amount in controversy is met when considering Plaintiff's claim of compensatory and punitive damages.[1]

First, Defendant asserts an inference exists that the amount in controversy exceeds the jurisdictional amount. When a Plaintiff does not stipulate that damages be below the

---

[1] Defendant, in its Response to Plaintiff's Motion to Remand, uses these factual allegations to show that a "reasonable probability" exists that the amount in controversy exceeds the jurisdictional minimum. The Seventh Circuit has recently abandoned the "reasonable probability" standard. *Meridian*, 441 F.3d at 543 ("'Reasonable probability that jurisdiction exists,' a phrase with no provenance and no following outside this circuit, is banished from our lexicon.").

jurisdictional amount, an inference arises that the plaintiff believes her claim to be worth more than the jurisdictional amount. *Workman v. United Parcel Service*, 234 F.3d 998, 1000 (7th Cir. 2000); *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) (stating that a refusal to admit that a combination of damages sought will not exceed $75,000 raises a reasonable inference that it will).

Defendant submits an affidavit, stating that its counsel contacted Plaintiff's counsel, asking him to stipulate that damages be less than $75,000. Plaintiff's counsel did not do so. Plaintiff neither contests that the conversation existed nor that her counsel would not stipulate the damages amount. Therefore, Defendant has sufficiently demonstrated an inference exists that the amount in controversy exceeds the jurisdictional amount.

Second, Defendant asserts Plaintiff's back-pay award alone could exceed the jurisdictional amount. When calculating a potential back-pay award, federal and state courts in Illinois have estimated what a plaintiff would have earned from the time her employment ended until trial. *See Kahle v. Houghton Mifflin Co.*, No. 94 C 2803, 1994 WL 374242 (N.D. Ill. July 14, 1994) (considering amount made and time elapsed in estimating amount in controversy); *ISS Int'l Serv. Sys. v. Human Rights Comm'n*, 272 Ill. App. 3d 969, 980-81 (continued inability to find substitute employment must be considered in providing complete relief).

At the end of her employment with Defendant, Plaintiff earned an annual wage of $35,000. From 2000 to 2005, the average time period for a civil case in the Northern District of Illinois from the time of filing the complaint to trial was between 26 and 28.4 months. Federal Court Management Statistics (2005), Judicial Conference of the United States, *available at* http://www.uscourts.gov/library/statisticalreports.html (last visited Jan. 10, 2006). Plaintiff

seeks recovery for financial loss. In her Motion to Remand, she states that she has been seeking, but has not yet found, employment. Given Plaintiff's annual wage and the statistics showing the median time from filing to trial, Defendant has sufficiently demonstrated that Plaintiff's back-pay award alone could exceed the jurisdictional amount.

Third, Defendant asserts that the jurisdictional amount is met when considering Plaintiff's claim of compensatory and punitive damages. Federal courts do consider compensatory damages when determining whether the amount is satisfied. *See, e.g., McCoy v. General Motors Corp.*, 226 F. Supp. 939, 941 (N.D. Ill. 2002) (considering lost wages, disability, and emotional distress to determine whether the jurisdictional amount is met). Also, Illinois courts have awarded compensatory damages for emotional distress in retaliatory discharge cases. *See, e.g., Reinneck v. Taco Bell Corp.*, 292 Ill. App. 3d 839 (awarding $25,000 for mental anguish) (*Reinneck*).

Federal courts also consider punitive damages when determining the amount in controversy. *Sharp Electronics Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991), *citing Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943). In considering whether to include punitive damages, the court must first determine whether punitive damages are recoverable as a matter of state law. *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995) (*Cadek*). If the answer is yes, the amount is considered satisfied unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Cadek*, 58 F.3d at 1212.

Under Illinois law, punitive damages are recoverable for a retaliatory discharge claim when the defendant engaged in the unlawful act with "fraud, actual malice . . . or when the defendant acts willfully or with such gross negligence as to indicate a wanton disregard of the

5

rights of others." *Heldenbrand v. Roadmaster Corp.*, 277 Ill. App. 3d 664, 672 (1996) ($750,000 in punitive damages); *Reinneck*, 292 Ill. App. 3d at 215 ($1,000,000 in punitive damages); *Hollowell v. Wilder Corp. of Delaware*, 318 Ill. App. 3d 984, 990 ($50,000 in punitive damages).

In this case, Plaintiff seeks both compensatory and punitive damages. She seeks compensation for emotional anguish, embarrassment, and financial loss. Plaintiff has not shown beyond a legal certainty that these damages, together with potential punitive damages, could in no way amount to $75,000. Moreover, Plaintiff has refused to stipulate with Defendant that they would not. Therefore, Defendant has sufficiently demonstrated that Plaintiff's claim of compensatory and punitive damages support an amount exceeding the jurisdictional minimum.

In sum, Defendant provides three factual allegations to support removal: there exists an inference that the amount in controversy exceeds $75,000; Plaintiff's back-pay award alone could exceed $75,000; and the amount in controversy is met when considering Plaintiff's claim of compensatory and punitive damages. Defendant has demonstrated these amounts by a preponderance of the evidence. Subsequently, removal is improper only if it is legally certain that the recovery or cost of complying with the judgment will be less than the jurisdictional minimum. *Meridian*, 441 F.3d at 543. Here, it is not. Therefore, Defendant has sufficiently satisfied the amount-in-controversy requirement for federal diversity jurisdiction.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Remand is denied.

Dated: February 15, 2007

JOHN W. DARRAH
United States District Court Judge

6